United States District Court
District of Massachusetts

|                              |   |                    |
|------------------------------|---|--------------------|
| Sandra Lucien Calixte,       | ) |                    |
|                              | ) |                    |
|    Plaintiff, | ) |                    |
|                              | ) |                    |
|    v.         | ) | Civil Action No.   |
|                              | ) | 17-11312-NMG       |
| Neal David and Town of       | ) |                    |
| Stoughton,                   | ) |                    |
|                              | ) |                    |
|    Defendants.| ) |                    |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves claims by Sandra Lucien Calixte ("plaintiff" or "Calixte") that defendant Officer Neal David ("David") and defendant Town of Stoughton ("Stoughton") (together, "defendants") wrongly caused her arrest and prosecution.[1] Plaintiff asserts violations pursuant to 42 U.S.C. § 1983 and M.G.L. c. 12, § 11I, as well as a claim of malicious prosecution. Pending before the Court is defendants' motion for judgment on the pleadings.

I. **Background**

Plaintiff avers that she lived with her aunt, Marie Belfort-Bois ("Belfort-Bois"). Belfort-Bois suffered a stroke

---

[1] Plaintiff mistakenly refers to "Neil" David and the "City" of Stoughton throughout her complaint.

-1-

on January 22, 2013, and she subsequently entered Good Samaritan Hospital ("the Hospital"), where she was hospitalized until March, 2013. While at the Hospital, Belfort Bois suffered from severe bed sores and low body temperature. She was fed intravenously. From March, 2013, until June, 2013, Belfort-Bois was in hospice care, after which she was discharged and returned to plaintiff's residence.

The complaint alleges Belfort-Bois required "round the clock care for her basic needs." Calixte, a registered nurse and trained pulmonary therapist, handled the majority of Belfort-Bois's care after June, 2013. Plaintiff and her family set up a makeshift hospital room in the unfinished basement of her home. The room had a twin bed with a table, a small television and another table with medication.

On February 16, 2014, plaintiff summoned emergency medical help for Belfort-Bois. A first responder found Belfort-Bois to be dehydrated and to be suffering from low oxygen saturation. Belfort-Bois was re-admitted to the Hospital, and a nurse there called the Stoughton Police to report "stuff that was very troubling." The nurse observed that Belfort-Bois had serious bed sores, low body temperature, a soiled diaper, a dirty feeding tube and other issues.

Officer David responded to the call, arrested the plaintiff and filed an undisclosed charge against her. Plaintiff

contends she was arrested and that Officer David lied to a Grand Jury as part of a malicious prosecution. She states David claimed to a Grand Jury, that: 1) the basement in which plaintiff cared for Belfort-Bois was half-finished, 2) Belfort-Bois' bed sores had been treated while she was at hospice care and 3) a doctor told David that Belfort-Bois's care was definitely a case of neglect.

In July, 2014, Calixte was charged and arraigned in Superior Court. She was tried and acquitted in 2017. She now claims that during the prosecution Officer David admitted that he may have become too emotionally invested in the prosecution due to a death in his own family.

Calixte alleges she spent approximately $50,000 in legal fees to defend herself in Superior Court. She seeks damages for all of her legal fees as well as lost income as a result of her damaged reputation as a registered nurse, and emotional distress. She seeks punitive damages and equitable relief from this Court to enjoin Officer David from filing false reports and ordering him to submit to further police training.

The complaint specifically alleges that (1) defendants deprived plaintiff of clearly established and well-settled constitutional rights while acting under color of law in violation of 42 U.S.C. § 1983, (2) the Town of Stoughton violated 42 U.S.C. § 1983 by maintaining improper policies for

its law enforcement officers, (3) Officer David violated the Massachusetts Civil Rights Act, M.G.L. c. 12 § 11I and (4) he maliciously prosecuted plaintiff, which act constituted false imprisonment.

Pending before the Court is the motion of defendants Neal David and the Town of Stoughton for judgment on the pleadings.

IV. **Motion for judgement on the pleadings**

Although a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings considers the factual allegations in both the complaint and the answer, it is governed by the same standard as a Rule 12(b)(6) motion to dismiss. See Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008). To survive such a motion, the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For a claim to be facially plausible, the pleadings must show "more than a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff cannot merely restate the defendant's potential liability. Id.

In considering the merits of such a motion, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. R.G. Fin.

Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006). The Court may also consider documents if 1) the parties do not dispute their authenticity, 2) they are "central to the plaintiffs' claim" or 3) they are "sufficiently referred to in the complaint." Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).

### a. Count I – Violation of 42 U.S.C. § 1983 by Officer David

Defendant submits that Officer David is entitled to absolute immunity and that plaintiff has not stated a claim against the Town of Stoughton because the allegations arise from his grand jury testimony.

Grand jury witnesses, including law enforcement officers, are absolutely immune from § 1983 claims based upon grand jury testimony. Rehrberg v. Paulk, 566 U.S. 356, 367 (2012). Plaintiff's claim is based on the allegation that "David repeatedly provided false information to the jury."

Accordingly, Officer David has absolute immunity against § 1983 claims arising from his grand jury testimony and his motion for judgment on the pleadings will, with respect to Count I, be allowed.

### b. Count II – Violation of 42 U.S.C. § 1983 by the Town of Stoughton

The Town submits that plaintiff has not alleged sufficient facts to support her claim that it had a policy amounting to deliberate indifference to her rights under § 1983.

A municipality may be held liable under § 1983 for constitutional violations if the execution of a municipality's "official policy [serves] as the moving force of the constitutional violation." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). The complaint alleges no facts pertaining to any official policy of the Town of Stoughton besides the conclusory charges that Stoughton had a

> policy or custom of deliberate indifference to misconduct by police officers [and a] policy or custom of tolerating a code of silence.

It is unlikely that either allegation sufficiently "serves as the moving force" of the constitutional violations in this case. In any event, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678 (quoting Twombley, 550 U.S. at 555).

Defendant's motion for judgment on the pleadings will, with respect to Count II, be allowed.

**c.  Count III – Violation of the Massachusetts Civil Rights Act**

Notwithstanding certain exceptions that do not bear on the present case, the Massachusetts Supreme Judicial Court ("the SJC") interprets MCRA "to provide a remedy under M.G.L. c. 12 § 11I, coexistensive with 42 U.S.C. § 1983." Duarte v. Healy, 405 Mass. 43, 47 (1989).  Because, as explained above, no cause of action may arise from grand jury testimony, plaintiff fails to state a claim upon which relief can be granted. Cf. Seelig v. Harvard Co-op. Soc., 355 Mass. 532, 538 (1969) (holding that pertinent statements made in the course of judicial proceedings are absolutely privileged in action alleging slander and libel).

Defendant's motion for judgment on the pleadings will, with respect to Count III, be allowed.

**d.  Count IV – Malicious Prosecution**

The absolute immunity that applies to statements made in judicial proceedings applies to all theories of tort. Correllas v. Viveiros, 410 Mass. 314, 324 (1991).  Similarly, the Massachusetts Tort Claims Act prohibits municipal liability from attaching in "any claim arising out an intentional tort, including . . . malicious prosecution[.]" M.G.L. c. 258 § 10(c); Barrows v. Wareham Fire Dist., 82 Mass. App. Ct. 623, 626 (2012) ("The Act expressly exempts intentional torts from its provisions, and therefore a public employer cannot be sued for

the intentionally tortious conduct of its employee."). Thus, Calixte fails to state a claim for malicious prosecution upon which relief can be granted.

Defendant's motion for judgment on the pleadings will, with respect to Count IV, be allowed.

**V.   Leave to amend**

Plaintiff submits that, should the Court allow the motion for judgment on the pleadings, she should be provided a reasonable period in which to file a motion to amend her complaint, which she will support with additional factual allegations.

A district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Where a movant evinces futility, bad faith, undue delay, or a dilatory motive, amendment is not warranted. See Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995). Amending a complaint is futile if the amended complaint "could not withstand a 12(b)(6) motion to dismiss." Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001) (quoting Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 421 (6th Cir. 2000)).

Here, the defendants rely on grand jury immunity and insufficient factual allegations in the complaint. Plaintiff maintains that the added allegations will establish that Officer

David committed actions prior to his grand jury testimony sufficient to state the alleged claims. With the exception of the malicious prosecution claim against the Town of Stoughton, which will be dismissed with prejudice, the Court concludes that amendment of the pleadings would not be futile. Accordingly, the Court will allow plaintiff to amend her complaint.

### ORDER

For the foregoing reasons, the motion of defendants Neal David and the Town of Stoughton for judgment on the pleadings (Docket No. 18) is **ALLOWED**. Count IV is, with respect to the Town of Stoughton, **DISMISSED WITH PREJUDICE**. Plaintiff is permitted to file an amended complaint, if any, on or before Wednesday, August 22, 2018.

**So ordered.**

/s/ Nathaniel M. Gorton\_\_\_\_\_
Nathaniel M. Gorton
United States District Judge

Dated August 1, 2018