United States District Court
District of Massachusetts

|  |  |
|---|---|
| Sandra Lucien-Calixte, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 17-11312-NMG |
| Neal David and Town of ) | |
| Stoughton, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves claims by Sandra Lucien-Calixte ("plaintiff" or "Lucien-Calixte") that defendant Police Officer Neal David ("Officer David") and defendant Town of Stoughton ("the Town") (collectively, "defendants") wrongfully caused her arrest and prosecution.

This Court previously allowed defendants' Motion for Judgment on the Pleadings without prejudice and allowed plaintiff leave to amend her complaint (Docket Entry No. 30). Plaintiff filed her First Amended Complaint on August 22, 2018 (Docket Entry No. 33).

In her First Amended Complaint, plaintiff asserts violations pursuant to 42 U.S.C. § 1983 and M.G.L. c. 12 § 11I,

- 1 -

as well as a common law claim of malicious prosecution.  Pending before the court is defendants' Motion to Dismiss.

I. **Background**

Plaintiff avers that she lived with and provided "round the clock care" for her aunt, Marie Belfort-Bois ("Belfort-Bois"). In January, 2013, Belfort-Bois suffered a stroke and was admitted to Good Samaritan Hospital ("the Hospital").  While at the Hospital, where she was fed intravenously, Belfort-Bois suffered from several medical conditions, including bed sores and low body temperature.  In March, 2013, Belfort-Bois was placed in hospice care, but she survived and was returned to plaintiff's care in June, 2013.  In July, 2013, Carmel Duversonne ("Ms. Duversonne"), a Home Health aide, began periodically visiting Belfort-Bois to assist plaintiff with her care.

Lucien-Calixte, a registered nurse and trained pulmonary therapist, handled the majority of Belfort-Bois' care after June, 2013.  Belfort-Bois was housed in a makeshift hospital room set up in the basement of plaintiff's home.

On February 16, 2014, plaintiff summoned emergency medical help for Belfort-Bois.  A first responder found Belfort-Bois dehydrated and with low oxygen saturation.  She was readmitted to the Hospital.  After triaging and tending to Belfort-Bois,

Nurse Perdigao called the Stoughton Police Department to report what she believed to be "troubling" health concerns. Nurse Perdigao reported that Belfort-Bois was dehydrated, had serious bed sores, low body temperature, a soiled diaper and dirty catheter and feeding tubes. Nurse Perdigao also submitted a written Elder Abuse Mandated Reporter Form.

Officer David responded to the call and began a police report that ultimately served as the initial charging document. Plaintiff contends that that report attributes the following statements to Ms. Duversonne which Ms. Duversonne never made: 1) that Belfort-Bois was receiving below average care, 2) that the basement in which Belfort-Bois slept was "very cold," 3) that Belfort-Bois was sleeping in an unfinished basement and 4) that Ms. Duversonne complained about Belfort-Bois' condition to her supervisor and asked to be taken off of her case. Plaintiff alleges that Ms. Duversonne's grand jury testimony directly contradicts those statements.

On February 21, 2014, Officer David applied for charges against Lucien-Calixte for elder abuse and neglect based on his police report. That same day, a magistrate issued a warrant and Lucien-Calixte was arrested.

On March 4, 2014, Officer David amended his report to include an additional interview with Dr. Kesselman, Belfort-

Bois' treating physician. In his amended report, Officer David attributed the following statement to Dr. Kesselman:

> I asked Dr. Kesselman in his professional opinion if [Belfort-Bois'] case was a case of neglect? Dr. Kesselman stated [Belfort-Bois'] situation was definitely a case of neglect.

Plaintiff contends that Dr. Kesselman never expressed such an opinion but instead suggested Belfort-Bois' conditions were due to natural causes.

Plaintiff also alleges that Officer David concealed Belfort-Bois' medical records, which established that the health problems that concerned medical staff at the Hospital began before plaintiff was charged with Belfort-Bois' care.

A grand jury indicted Lucien-Calixte in June, 2014, and she was charged and arraigned in Superior Court the following month. After a trial in 2017, Lucien-Calixte was acquitted of all criminal charges.

Plaintiff seeks damages for her legal fees, emotional distress and loss of income as a result of her besmirched reputation as a nurse. She also seeks punitive damages and requests that this Court enjoin Officer David from filing false reports and order him to submit to further police training.

Plaintiff's First Amended Complaint specifically alleges that 1) defendants deprived her of clearly established and well settled constitutional rights in violation of 42 U.S.C. § 1983,

2) the Town maintained improper policies and customs for its law enforcement officers in violation of 42 U.S.C. § 1983,

3) defendants violated the Massachusetts Civil Rights Act, M.G.L. c. 12 § 11I and 4) Officer David maliciously prosecuted plaintiff.

## II. **Motion to Dismiss**

### A. **Standard of Review**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of a motion to dismiss, the Court may only look to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 228 F.3d 1127 (1st Cir. 2000).

Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all the factual allegations in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009). Threadbare recitals of legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id.  Accordingly, a complaint does not state a claim of relief where the well-plead facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

### B. Count I: Violation of 42 U.S.C. § 1983

In Count I, Lucien-Calixte alleges that both the Town and Officer David violated her Fourth and Fourteenth Amendment rights by falsely arresting and maliciously prosecuting her based on false statements and concealed evidence.

With respect to the Town, municipal liability under § 1983 is limited to claims that a government policy or custom was the moving force of a constitutional violation. Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978).  Plaintiff properly makes such a claim against the Town in Count II, but in Count I bases her claim against the Town on vicarious liability which is unavailing.  Consequently, defendants' motion to dismiss Count I, with respect to the Town, will be allowed.

With respect to Officer David, plaintiff alleges violations of § 1983 for false arrest and malicious prosecution.

   i. **False Arrest**

Officer David submits that plaintiff's false arrest claim is untimely.  The parties agree that the statute of limitations for plaintiff's § 1983 claim of false arrest is three years but disagree on the accrual date.  Officer David asserts that the three-year period accrues from February 21, 2014, the date of plaintiff's arrest.  Plaintiff argues the accrual date is July 18, 2014, the date of her arraignment.

The "accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007).  Under federal law, a § 1983 claim accrues "at the moment the plaintiff knows or has reason to know, of the injury that is the basis for the claim." Nieves v. McSweeney, 241 F.3d 46, 52 (1st Cir. 2001).  For false arrest claims, the accrual date is generally the date of the arrest. Calero-Colo v. Betancourt-Lebron, 68 F.3d 1, 4 (1st Cir. 1995).  Plaintiff has provided this Court with no reason to depart from the general rule.  Although plaintiff argues that she did not know of Officer David's alleged falsehoods until her arraignment, she had reason to know she was injured at the time of her arrest even if the full extent of her injury was not then

known. See Wallace, 549 U.S. at 391 (explaining that a cause of action accrues when the wrongful act results in damages even if the full extent of the suffered injury is not yet known or predictable).

Lucien-Calixte was arrested on February 21, 2014 but did not file her initial complaint until July 17, 2017.  Thus, her claim of false arrest is barred by the statute of limitations.  Accordingly, defendants' motion to dismiss Count I, with respect to plaintiff's false arrest claim, will be allowed.

Having dismissed plaintiff's § 1983 false arrest claim as time barred, the Court need not address the merits of that claim but will note the distinction between false arrest and malicious prosecution claims in this context.

In Calero-Colo, the First Circuit Court of Appeals explained that when an arrest is conducted pursuant to a warrant based on allegedly false statements, the lines between malicious prosecution and false arrest are blurred. Calero-Colo, 68 F.3d at 4.  An unlawful arrest conducted pursuant to a warrant, even if that warrant is based on false allegations, generally gives rise to a malicious prosecution claim. Id.  Conversely, warrantless arrests generally precipitate false arrest claims. Id.  That is because a warrant constitutes legal process and damages for false arrest are restricted to the time between the

arrest and the issuance of legal process. Id. Malicious prosecution claims, on the other hand, contemplate damages from the initial arrest throughout any unlawful detention pursuant to legal process. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 100 (1st Cir. 2013).

In short, plaintiff's alleged wrongful arrest pursuant to a warrant based on false information is more appropriately construed as a malicious prosecution claim, not a false arrest claim.

### ii. Malicious Prosecution

Lucien-Calixte contends that Officer David caused her malicious prosecution by providing false statements in his police report and concealing exculpatory evidence. Officer David moves to dismiss on the grounds of either absolute or qualified immunity for the alleged misconduct.

#### a. Absolute Immunity

Officer David claims that he is entitled to absolute immunity because plaintiff's suit is based on grand jury testimony. Plaintiff counters that, although her initial complaint was based on Officer David's grand jury testimony, her amended complaint includes additional allegations arising from conduct that occurred outside of the grand jury proceedings.

Absolute immunity protects a state official from § 1983 suits based on grand jury testimony. Rehrberg v. Paulk, 566 U.S. 356, 367 (2012).  This Court previously allowed defendants' motion for judgment on the pleadings, finding that Officer David was entitled to absolute immunity because plaintiff's initial complaint was based on his grand jury testimony (Docket Entry No. 30).  In contrast, the allegations in plaintiff's amended complaint are not based on grand jury testimony.  Instead, plaintiff's amended complaint alleges injury based on Officer David's inclusion of false statements in his police report and the concealing of evidence.  Consequently, Officer David is not entitled to absolute immunity.

### b. **Qualified Immunity**

In the absence of absolute immunity, qualified immunity protects Officer David from Lucien-Calixte's § 1983 suit unless 1) he violated her constitutional right, 2) that right was clearly established at the time of the violation and 3) a reasonable officer, situated similarly to Officer David, would have recognized that his conduct violated plaintiff's constitutional right. Limone v. Condon, 372 F.3d 39, 44 (1st Cir. 2004).

As to the first prong, Lucien-Calixte alleges that Officer David maliciously prosecuted her in violation of her

constitutional rights.  To establish a claim of malicious prosecution, plaintiff must show that Officer David 1) caused 2) a seizure of plaintiff pursuant to legal process unsupported by probable cause and 3) criminal proceedings terminated in her favor.  See Hernandez-Cuevas, 723 F.3d at 101.  Officer David challenges only the second element:  whether he had probable cause to arrest and charge plaintiff for elder abuse and neglect.

Officer David submits that because Lucien-Calixte was indicted by a grand jury, he is entitled to a presumption of probable cause.  Generally, "a grand jury indictment definitively establishes probable cause." Gonzalez Rucci v. I.N.S., 405 F.3d 45, 49 (1st Cir. 2005).  That presumption may be rebutted if an officer wrongfully obtained the indictment by "knowingly presenting false testimony to the grand jury." Id. At the pleading stage, allegations of such misconduct by an officer is sufficient to rebut the presumption of probable cause established by a grand jury indictment. Id.  Plaintiff alleges that Officer David obtained the indictment through false testimony and, therefore, has pled sufficient facts to overcome the presumption of probable cause established by a grand jury indictment.

Officer David further submits that in the absence of any presumption, he had probable cause to arrest and charge Lucien-Calixte for elder abuse and neglect. Probable cause exists if a reasonable person in the officer's position would believe that a person committed a crime. Holder v. Town of Sandown, 585 F.3d 500, 504 (1st Cir. 2009). Probable cause is vitiated if deliberate falsehoods were necessary to the magistrate's probable cause determination. Hernandez-Cuevas, 723 F.3d at 101-02. Necessity is determined by "excis[ing] the offending inaccuracies and insert[ing] the facts recklessly omitted" and then evaluating whether the "corrected warrant affidavit would establish probable cause." Burke v. Town of Walpole, 405 F.3d 66, 82 (1st Cir. 2005).

Lucien-Calixte has plausibly alleged that probable cause to arrest and charge her for elder abuse and neglect did not exist but for Officer David's misconduct. She has pled facts that, if proved, would show that Officer David deliberately falsified statements from medical professionals, including a doctor, who treated Belfort-Bois. Excising such statements, the magistrate would have been left with the statements of an EMT who transported Belfort-Bois to the hospital, a nurse and physician's assistant who treated Belfort-Bois upon her arrival at the Hospital and Officer David's own observations. Those

statements, standing alone, may arguably amount to probable cause for elder abuse and neglect but plaintiff has sufficiently contended that the including of Belfort-Bois' omitted records would have vitiated any such probable cause.

In essence, Lucien-Calixte alleges that Belfort-Bois' medical records provided adequate explanations for every health problem observed by the EMT, nurse, physician's assistant and Officer David. Specifically, plaintiff contends that all of Belfort-Bois' health problems were either present before plaintiff was charged with her care or were attributable to a rapid decline in Belfort-Bois' health shortly before and during her transportation to the Hospital.

Plaintiff has, therefore, plausibly alleged that probable cause to arrest and charge her for elder abuse and neglect would not have existed but for Officer David's misconduct, thereby satisfying the first element of the qualified immunity analysis.

The remaining two disqualifying elements of the qualified immunity analysis are easily met.

As to the second prong, the Fourth Amendment right to be free from malicious prosecution was clearly established in this Circuit at the time of Officer David's alleged violation. See Hernandez-Cuevas, 723 F.3d at 100-02 (recognizing that Fourth Amendment protection against unreasonable seizure includes

protection from malicious prosecution and is cognizable under § 1983).

Finally, as to the third prong, the Court considers whether a reasonable officer, situated similarly to Officer David, would have recognized that his conduct violated Lucien-Calixte's constitutional right. See Limone, 372 F.3d at 44.  Plaintiff alleges that Officer David deliberately falsified statements in his police report and concealed evidence.  There is no doubt that any reasonable officer would have recognized that falsifying witness statements and excluding potentially exculpatory evidence to establish probable cause violates an individual's constitutional right to be free from unreasonable arrest and prosecution.

Because Officer David is entitled to neither absolute nor qualified immunity and Lucien-Calixte has stated a claim of malicious prosecution, defendants' motion to dismiss Count I, with respect to plaintiff's § 1983 malicious prosecution claim, will be denied.

### C. **Count II: Violation of 42 U.S.C. § 1983 Against the Town**

Defendants maintain that plaintiff's amended complaint, as her initial complaint, fails to allege that the Town is liable under § 1983.

A municipality is liable under § 1983 for constitutional violations if the execution of an "official policy [serves] as the moving force of the constitutional violation." Monell, 436 U.S. at 694.

This Court previously dismissed the § 1983 claim against the Town in plaintiff's original complaint because Lucien-Calixte failed sufficiently to allege that Officer David acted pursuant to a municipal policy or custom (Docket Entry No. 30). Plaintiff's amended complaint alleges no additional facts pertaining to any official policy or custom of the Town. She merely repeats the conclusory charges from her initial complaint. As was true the first time around, plaintiff's "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a plausible claim of relief. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Accordingly, defendants' motion to dismiss will, with respect to Count II, be allowed.

D. **Count III: Violation of Massachusetts Civil Rights Act**

Lucien-Calixte asserts that the defendants "interfered with and deprived [her] of her exercise and enjoyment of civil rights" under the Massachusetts Civil Rights Act ("MCRA").

The MCRA provides a remedy "coextensive" with § 1983, with one disparity relevant to this case: The MCRA requires a constitutional violation by "threats, intimidation, or coercion." Kelley v. LaForce, 288 F.3d 1, 10 (1st Cir. 2002). Equally important, the same qualified immunity standard that applies to § 1983 claims, applies to MCRA claims. Duarte v. Healy, 537 N.E.2d 1230, 1231-33 (Mass. 1989).

As a preliminary matter, it is unclear whether plaintiff intends to assert a false arrest claim, a malicious prosecution claim or both under the MCRA. This Court will, however, treat the claim as one for malicious prosecution for two reasons. First, an MCRA false arrest claim, just as plaintiff's § 1983 false arrest claim, is time-barred. See M.G.L. c. 260 § 5B ("Actions arising on account of violations of any law intended for the protection of civil rights . . . shall be commenced only within three years next after the cause of action accrues."); Pagliuca v. City of Boston, 626 N.E.2d 625, 627 (Mass. App. Ct. 1994) ("[A] tort cause of action accrues . . . when the plaintiff is injured as a result of the defendant's unlawful act . . . ."). Second, as discussed above, a claim of wrongful arrest conducted pursuant to a fraudulent warrant is more appropriately styled as a claim of malicious prosecution.

Defendants contend that Lucien-Calixte has not pled facts sufficient to show that Officer David "intended" to threaten, intimidate or coerce her. In doing so, Officer David reads a nonexistent requirement into the MCRA. Although the MCRA requires a constitutional violation "by threats, intimidation or coercion," the Massachusetts Supreme Judicial Court has clarified that the MCRA "imposes no express or implied requirement" that an individual <u>intend</u> to threaten, intimidate or coerce a person into giving up a constitutional right. <u>Redgrave</u> v. <u>Boston Symphony Orchestra, Inc.</u>, 502 N.E.2d 1375, 1378 (Mass. 1987). Quite the opposite, arrest and detention have been held to be "intrinsically coercive" under the MCRA. <u>Sarvis</u> v. <u>Boston Safe Deposit and Trust Co.</u>, 711 N.E.2d 911, 918 (Mass. App. Ct. 1999).

Plaintiff has pled sufficient facts to show that Officer David coerced her by arresting and charging her for elder abuse and neglect based on false and omitted evidence. Having satisfied the only relevant disparity between the MCRA and § 1983, defendants' motion to dismiss Count III, with respect to plaintiff's MCRA claim of malicious prosecution against Officer David, will be denied for the same reasons this Court will deny defendants' motion to dismiss plaintiff's § 1983 claim of malicious prosecution against Officer David.

As to the Town, plaintiff's MCRA claim fails because the Town is a municipality and a municipality is not a "person" covered by the MCRA. M.G.L. c. 12 § 11H; Howcroft v. City of Peabody, 747 N.E.2d 729, 744 (Mass. App. Ct. 2001).  Therefore, defendants' motion to dismiss Count III, with respect to the Town, will be allowed.

**E. Count IV: Malicious Prosecution**

Lucien-Calixte asserts claims of malicious prosecution against both Officer David and the Town.  The Court recognizes that the latter claim is made only to preserve plaintiff's appellate rights, this Court having dismissed it with prejudice on August 1, 2018 (Docket Entry No. 30).  As discussed above, to succeed on her claim of malicious prosecution, Lucien-Calixte must prove that Officer David 1) instituted 2) a seizure of her pursuant to legal process that was unsupported by probable cause and 3) criminal proceedings terminated in her favor. Gutierrez v. M.B.T.A., 437 Mass. 395, 405 (2002).

Officer David again challenges only whether he had probable cause to arrest and charge Lucien-Calixte for elder abuse and neglect.  As previously explained, plaintiff has pled sufficient facts which, if proven, demonstrate that Officer David lacked probable cause to arrest and charge her absent his alleged

misconduct.  Accordingly, defendants' motion to dismiss Count IV will be denied.

### ORDER

For the foregoing reasons, defendants' motion to dismiss (Docket No. 38) is,

a. with respect to the claims against the Town and the claim against Officer David for false arrest in Count I, **ALLOWED**, but with respect to the claim against Officer David for malicious prosecution in Count I, **DENIED**;

b. with respect to Count II, **ALLOWED**;

c. with respect the claim against the Town in Count III, **ALLOWED**, but with respect to the claim against Officer David in Count III, **DENIED**;

d. with respect to Count IV, **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 16, 2019